**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
FAWN F. BEKAM, State Bar No. 307312
fbekam@aegislawfirm.com
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Sonny Boy Oraliza, individually,
and on behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY BOY ORALIZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>W. L. GORE & ASSOCIATES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-00415-TLT<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Minimum Wages;<br><br>2.  Failure to Pay Overtime Wages;<br><br>3.  Failure to Provide Meal Periods;<br><br>4.  Failure to Permit Rest Breaks;<br><br>5.  Failure to Provide Accurate Itemized Wage Statements;<br><br>6.  Failure to Pay All Wages Due Upon Separation of Employment;<br><br>7.  Violation of Business and Professions Code §§ 17200, *et seq*.; and<br><br>8.  Enforcement of Labor Code § 2698 *et seq.* ("PAGA") |

Plaintiff Sonny Boy Oraliza, individually, and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff Sonny Boy Oraliza ("Plaintiff") brings this putative class action and representative action pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code. § 2698 *et seq*., against defendant W. L. Gore & Associates, Inc., and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of himself individually and on behalf of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.      Defendant W.L. Gore & Associates, Inc. manufactures products in the fabrics, medical, and performance solutions industries. Defendant Commercial Enterprises, Inc. is a staffing company that placed Plaintiff and other putative class members to work for Defendant W.L. Gore & Associates, Inc.

3.      Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a)     failing to pay all wages (including minimum wages and overtime wages);

(b)     failing to provide lawful meal periods or compensation in lieu thereof;

(c)     failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

(d)     failing to provide accurate itemized wage statements;

(e)     failing to pay all wages due upon separation of employment.

5.      Plaintiff seeks monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and

-1-

benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2698, *et seq.*, and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this case because it is a class action with an amount in controversy over $5,000,000.00.

7.     This Court has personal jurisdiction over Defendants because they conduct or have conducted business in this District and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

8.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## THE PARTIES

9.     Plaintiff is a resident of California and worked for Defendants in California during the relevant time periods as alleged herein. Specifically, Plaintiff was placed to work for Defendant W.L. Gore & Associates, Inc. by Defendant Commercial Enterprises, Inc. from approximately September 20, 2021 to approximately October 15, 2021, at Defendant W.L. Gore & Associates, Inc.'s Santa Clara location. Throughout this time, Plaintiff's job title was medical device assembler, and his job duties consisted of putting parts together for Defendant W.L. Gore & Associates, Inc.'s products. He earned approximately $27 per hour, and regularly worked 40 hours per week, 5 days a week, and approximately 8 hours per day.

10.    Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

11.    Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

12.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

13.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **CLASS ACTION ALLEGATIONS**

17.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

18.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.     Plaintiff's proposed class consists of and is defined as follows:

///

<u>Class</u>

> All California citizens currently or formerly employed by Defendant Commercial
> Enterprises, Inc. as non-exempt employees and placed to work at Defendant W.L.
> Gore & Associates, Inc. in the State of California at any time between August 7,
> 2017[1] and the date of class certification ("Class").

20.     Plaintiff also seeks to certify the following subclass of employees:

<u>Waiting Time Subclass</u>

> All Class Members who separated their employment with Defendant Commercial
> Enterprises, Inc. at any time between August 7, 2018 and the date the class is
> certified ("Subclass" or "Waiting Time Subclass").

21.     Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

22.     Defendant Commercial Enterprises, Inc. meets the definition of a "labor contractor" as that term is defined in Labor Code § 2810.3(a)(3), as an entity that supplied Defendant W.L. Gore & Associates, Inc. with employees to perform labor within Defendant W.L. Gore & Associates, Inc.'s usual course of business. Defendant W.L. Gore & Associates, Inc. meets the definition of "client employer" as that term is defined in Labor Code § 2810.3(a)(1)(A), as an entity that obtained workers to perform labor within its usual course of business from Defendant Commercial Enterprises, Inc. As such, Defendant W.L. Gore & Associates, Inc. is jointly liable for the alleged Labor Code and Business & Professions Code violations outlined in this Complaint, pursuant to Labor Code § 2810.3(b).

23.     Members of the Class and the Subclass described above will be collectively referred to as "Class Members."

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

24.     There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)     Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)     Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, over forty (40) hours per week, and/or seven (7) consecutive days and failed to pay them overtime compensation at the proper rate.

(c)     Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without proper compensation.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks without proper compensation.

(e)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(f)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(g)     Whether Defendants' conduct was willful or reckless.

(h)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

25.     There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

(a)     <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the entire Class and Subclass are unknown

SECOND AMENDED CLASS ACTION COMPLAINT

to Plaintiff at this time, on information and belief, the class is estimated to be greater than twenty-five (25) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    <u>Typicality</u>: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class Members. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d)    <u>Superiority</u>: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)    <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are

not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

## **GENERAL ALLEGATIONS**

26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other California residents as non-exempt employees at Defendants' California business location(s).

27.    Defendant employed Plaintiff as a non-exempt employee at Defendants' California business location.

28.    Defendants continue to employ non-exempt employees within California.

29.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate. Specifically, Defendant W.L. Gore & Associates, Inc. maintained a policy and practice of requiring Plaintiff and Class Members to undergo COVID-19 screenings before clocking in. The COVID-19 screenings consisted of checking temperatures, sanitizing hands, and changing into a new mask, and took approximately 2-3 minutes each day. Neither Defendant paid Plaintiffs and Class Members for this time spent working off-the-clock undergoing COVID-19 screenings.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal

periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. For instance, Defendant W.L. Gore & Associates, Inc. maintained a policy and practice of requiring Plaintiff and Class Members to don and doff their uniforms during meal periods. As a result, Plaintiff and Class Members' meal periods were shorter than 30 minutes because Plaintiff and Class Members were required to remove their uniforms after clocking out for their 30-minute meal periods, and to put their uniforms back on before clocking back in for work. The process of donning and doffing uniforms took approximately 5 minutes total. As a result, Plaintiff's and Class Members' meal periods were less than 30-minutes each day. Neither Defendant paid Plaintiff and Class Members a meal period premium when Plaintiff and Class Members' meal periods were short.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed. For instance, Defendant W.L. Gore & Associates, Inc. maintained a policy and practice of requiring Plaintiff and Class Members to don and doff their uniforms during rest periods. As a result, Plaintiff and Class Members' rest periods were shorter than 10 minutes each day because Plaintiff and Class Members were required to remove their uniforms after beginning a 10-minute rest period and before returning to work following the end of a rest period. The process of donning and doffing uniforms took approximately 5 minutes total. Neither Defendant paid Plaintiff and Class Members a rest period premium when Plaintiff and Class Members' rest periods were short.

33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1)

gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. As a result of the above alleged failure to pay wages and failure to provide meal and rest periods, Plaintiff and Class Members were not provided with accurate itemized wage statements because the wage statements Defendant Commercial Enterprises, Inc. provided did not state the correct gross wages earned, total hours worked, net wages earned, or number of hours worked at each hourly rate. Further, the wage statements Defendant Commercial Enterprises, Inc. provided to Plaintiff and Class Members failed to identify the name and address of the legal entity that is the employer. Instead, the wage statements identified "Total Presence Management" as the employer.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. As a result of the above alleged failure to pay wages and failure to provide meal and rest periods, the Waiting Time Subclass did not receive payment of all wages within permissible time periods because members Waiting Time Subclass were never paid the wages they were owed for undergoing off-the-clock COVID-19 screenings and were never paid the meal and rest period premiums they were owed for not being provided adequate meal and rest periods. Further, Defendant Commercial Enterprises, Inc. maintained a policy and practice of failing to pay members of the Waiting Time Subclass their final pay on the day of their termination or within seventy-two hours of receiving notice that members of the Waiting Time Subclass voluntarily terminated their employment. For example, Plaintiff

1  received his last pay on the next scheduled pay day, which was seven (7) days following the
2  termination of his employment.

3       35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
4  should have known they had a duty to compensate Plaintiff and Class Members, and
5  Defendants had the financial ability to pay such compensation but willfully, knowingly, and
6  intentionally failed to do so in order to increase Defendants' profits.

7       36.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
8  against Defendants on behalf of himself and all Class Members to recover, among other things,
9  unpaid wages (including minimum wages and overtime wages), unpaid meal period premium
10  payments, unpaid rest period premium payments, interest, attorneys' fees, penalties, costs, and
11  expenses.

12                          **FIRST CAUSE OF ACTION**
13                     **<u>FAILURE TO PAY MINIMUM WAGES</u>**
14  (Violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197; Violation of IWC Wage Order)

15       37.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
16  though fully set forth herein.

17       38.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
18  fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
19  wage than the minimum so fixed is unlawful.

20       39.     During the relevant time period, Defendants paid Plaintiff and Class Members
21  less than minimum wages when they failed to pay proper compensation for all hours worked.
22  To the extent these hours do not qualify for the payment of overtime, Plaintiff and Class
23  Members were not being paid at least the lawful minimum wage for their work.

24       40.     During the relevant time period, Defendants regularly failed to pay at least
25  minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code
26  §§ 1194 and 1197.

27       41.     Defendants' failure to pay Plaintiff and Class Members the required minimum
28  wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

42.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)

43.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

44.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

45.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

46.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

47.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

-11-

1  worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the
2  seventh day of work in a workweek.

3       48.    Labor Code § 510 and the applicable IWC Wage Orders provide that
4  employment of more than six days in a workweek is only permissible if the employer pays
5  proper overtime compensation as set forth herein.

6       49.    Plaintiff and Class Members were non-exempt employees entitled to the
7  protections of California Labor Code §§ 510 and 1194.

8       50.    During the relevant time period, Defendants required Plaintiff and Class
9  Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or for a
10 seventh consecutive day in a workweek without paying Plaintiff and Class Members overtime
11 wages for their work at the correct rate.

12      51.    During the relevant time period, Defendants failed to pay Plaintiff and Class
13 Members overtime wages for all overtime hours worked at the correct rate when Plaintiff and
14 Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or
15 for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members
16 worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the
17 seventh day of work in a work week.

18      52.    In violation of state law, Defendants knowingly and willfully refused to perform
19 their obligations and compensate Plaintiff and Class Members for all wages earned and all
20 hours worked.

21 ///

22 ///

23      53.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of
24 overtime and double time compensation, as required by California law, violates the provisions
25 of Labor Code §§ 510 and 1198, and is therefore unlawful.

26      54.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to
27 recover their unpaid overtime and double time compensation as well as interest, costs, and
28 attorneys' fees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)

55.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein

56.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

57.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

58.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

59.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60.     During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

61.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

62.     At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, short, and/or interrupted meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

63.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO PERMIT REST BREAKS</u>**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)

64.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

65.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

66.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

67.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked because they were required to work through their daily rest periods, were not permitted to take timely rest periods, and/or were not authorized to take their rest periods.

68.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

69. At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

70. As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS</u>**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

71. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

72. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

73. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. Defendants provided Plaintiff and Class Members with wage statements that were missing or inaccurately stated one or more of the following items: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

1  provided that all deductions made on written orders of the employee may be aggregated and

2  shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the

3  employee is paid, (7) the name of the employee and the last four digits of his or her social

4  security number or an employee identification number other than a social security number, (8)

5  the name and address of the legal entity that is the employer, and/or (9) all applicable hourly

6  rates in effect during the pay period and the corresponding number of hours worked at each

7  hourly rate by the employee.

8      74.    As a result of Defendants' knowing and intentional failure to comply with Labor

9  Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their

10  statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an

11  injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor

12  Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and

13  their protected interest in receiving, accurate itemized wage statements under Labor Code

14  § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage

15  statements, Defendants prevented Plaintiff and Class Members from determining if all hours

16  worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had

17  to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff

18  to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and

19  incur these costs had Defendants provided the accurate hours worked, wages earned, and rates

20  of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of

21  wages from Defendants.

22      75.    Plaintiff and Class Members are entitled to recover from Defendants the greater

23  of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or

24  fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred

25  dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not

26  exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

27      76.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff

28  and Class Members from knowing, understanding, and disputing the wages paid to them and

1    resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'

2    knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and

3    Class Members have suffered an injury, in the exact amount of damages and/or penalties to be

4    shown according to proof at trial.

5        77.    Class Members that are still employed by Defendants are also entitled to

6    injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with

7    California Labor Code § 226. Accordingly, affected Class Members seek the recovery of

8    attorneys' fees and costs incurred in obtaining this injunctive relief.

9                           **SIXTH CAUSE OF ACTION**

10   **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

11           (Violation of Labor Code §§ 201, 202, and 203; Violation of IWC Wage Order)

12       78.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13   though fully set forth herein.

14       79.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

15   the wages earned and unpaid at the time of discharge are due and payable immediately, and that

16   if an employee voluntarily leaves his employment, his or her wages shall become due and

17   payable not later than seventy-two (72) hours thereafter, unless the employee has given

18   seventy-two (72) hours previous notice of an intention to quit, in which case the employee is

19   entitled to his or her wages at the time of quitting.

20       80.    During the relevant time period, Defendants willfully failed to pay the Waiting

21   Time Subclass all their earned wages upon termination, including, but not limited to, proper

22   minimum wage and overtime compensation, meal period premiums, and rest period premiums

23   either at the time of discharge or within seventy-two (72) hours of their leaving Defendants'

24   employ.

25       81.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at

26   the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is

27   in violation of Labor Code §§ 201 and 202.

28

-17-

82.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

83.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

## SEVENTH CAUSE OF ACTION

## **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

(Violation of Business and Professions Code §§ 17200, *et seq.*)

84.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

85.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . ."

86.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

87.     Defendants' policies and practices violated state law in at least the following respects:

          (a)     Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members in violation of Labor Code §§ 204, 510, 1182.12, 1194, 1194.2, 1197, and 1198.

(b)    Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c)    Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d)    Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(e)    Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

88.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner, all in order to decrease their costs of doing business and increase their profits.

89.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

90.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

91.    As a result of Defendants' intentional, willful, purposeful, and wrongful misrepresentation of their conformance with the California Labor Code and IWC Wage Orders,

1    Plaintiff and Class Members suffered a loss of wages and monies, all in an amount to be shown
2    according to proof at trial.

3        92.    By violating the foregoing statutes and regulations as herein alleged,
4    Defendants' acts constitute unfair and unlawful business practices under California Business
5    and Professions Code §§ 17200, *et seq*.

6        93.    As a result of the unfair and unlawful business practices of Defendants, as
7    alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and
8    restitution in an amount to be shown according to proof at trial.

9        94.    Plaintiff seeks to enforce important rights affecting the public interest within the
10   meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged
11   herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,
12   and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class
13   Members are entitled to an award of attorneys' fees pursuant to California Code of Civil
14   Procedure § 1021.5.

15                        **EIGHTH CAUSE OF ACTION**
16            **ENFORCEMENT OF LABOR CODE §§ 2698 *ET SEQ*. ("PAGA")**

17       95.    Plaintiff hereby re-alleges and incorporate by reference the previous paragraphs as
18   though fully set forth herein.

19       96.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides
20   for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency
21   ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees for
22   violation of the Labor Code may, as an alternative, be recovered through a civil action brought by
23   an aggrieved employee on behalf of himself or herself and other current or former employees
24   pursuant to the procedures specified in Labor Code § 2699.3.

25       97.    For all provisions of the Labor Code except those for which a civil penalty is
26   specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred
27   dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two

28

hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated these provisions of the Labor Code.

98.     Defendants' conduct violates numerous Wage Order and Labor Code sections, including, but not limited to, the following:

a.     violation of Labor Code §§ 201, 202, 203, 204, 210, 510, 1182.12, 1194, 1197, and 1198 for failure to timely pay all earned wages (including minimum wage and overtime wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

b.     violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

c.     violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

d.     violation of Labor Code § 226 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged; and

e.     violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate and complete records showing, among other things, the hours worked daily by and the wages paid to aggrieved employees.

99.     Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the violations committed against him, and therefore is properly suited to represent the interests of all other aggrieved employees.

100.     Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

101.    Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

102.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification under California Code of Civil Procedure § 382 of the proposed Class, Waiting Time Subclass, and any other appropriate subclasses;

2.    For appointment of Sonny Boy Oraliza as the class representative;

3.    For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof at trial;

5.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits, and penalties;

6.    For economic and/or special damages in an amount according to proof at trial;

7.    For liquidated damages pursuant to Labor Code § 1194.2;

8.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.    For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.    For pre-judgment interest;

13.    For civil penalties;

14.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e), 1194, and 2698 *et seq.*; and

15.     For such other relief as the Court deems just and proper.

Dated: June 27, 2023                           **AEGIS LAW FIRM, PC**

                                   By: _____
                                        Fawn F. Bekam
                                        Attorneys for Plaintiff Sonny Boy Oraliza

SECOND AMENDED CLASS ACTION COMPLAINT